FILED

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

01 AUG 13 AM 7:51

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| **JUDY JACOBS,** | ] |
| Plaintiff(s), | ] |
| vs. | ] CV-01-N-0143-W |
| **BLUE RIBBON MEAT COMPANY,** | ] |
| Defendant(s). | ] |

**ENTERED**

AUG 13 2001

**Memorandum of Opinion**

### I. Introduction

The court has for consideration the MOTION of defendant to set aside entry of default judgment, entered by the Clerk of Court April 20, 2001. (Doc. #4). Upon due consideration, the motion will be **DENIED**.

### II. Background

The plaintiff Judy Jacobs ("Jacobs") commenced this action on January 11, 2001, alleging in her complaint violations by the defendant Blue Ribbon Meat Company ("Blue Ribbon") of provisions of Title VII, 42 U.S.C. § 2000 *et seq.* and as amended. Jacobs effected personal service upon Blue Ribbon on March 26, 2001. (Doc. # 2). On April 20, 2001, the Clerk of Court entered a default against the defendant, based upon Jacobs' verified application and the records of this court reflecting that more than twenty (20) days had elapsed since defendant was duly served and that defendant had failed to answer or otherwise plead to the complaint. (Doc. # 4). With liability of Blue Ribbon established by



entry of default, this court set an evidentiary hearing to determine the amount of Jacobs' damages. (Doc. # 5, April 26, 2001).

On June 15, 2001, counsel for Blue Ribbon filed its first appearance in this action and moved this court to continue the date set for a hearing of evidence so that "appropriate" motions could be filed to set aside the entry of default. (Doc. # 8). This court granted Blue Ribbon's motion on June 18, 2001, and ordered the defendant within eleven (11) days to "file a motion and supporting authority demonstrating, if it can do so, 'good cause' for setting aside the entry of default." (Doc. # 10). Blue Ribbon then filed a motion to set aside default judgment. (Doc. # 11). This court appropriately denied Blue Ribbon's motion as no default judgment had been entered by the court in this case. (Doc. # 12).

On July 6, 2001, defendant filed its motion to set aside entry of default. (Doc. # 13). As demonstration of good cause, the defendant claimed that following personal service by the plaintiff, the defendant at some unspecified time relocated its business offices from Tuscaloosa, Alabama to Northport, Alabama. During this relocation, "files containing the complaint in this matter were misplaced," which resulted in the defendant's being unaware of its failure to file a timely response. (Doc. # 13). The defendant additionally claimed in its motion that plaintiff would not be prejudiced by this court's setting aside of the entry of default; and that the defendant is not guilty of any willful or bad faith conduct, or intentional disregard of court rules and authority.

### III.  Discussion

Rule 55(c) of the Federal Rules of Civil Procedure allows a court to set aside an entry of default for "good cause shown." Fed. R. Civ. P. 55(c). "'Good cause' is a mutable

standard, varying from situation to situation. It is also a liberal one – but not so elastic as to be devoid of substance." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (quoting *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989). Application of the standard involves the discretion of the court; *see id. at 952; see also Robinson v. U.S.*, 734 F.2d 735, 739 (11th Cir. 1984); but factors that will bear on any decision include whether the defaulting party acted willfully or culpably; whether the defaulting party displayed an intentional or reckless disregard for judicial process; whether the defaulting party acted promptly in attempting to cure the default; whether setting aside the default would prejudice the opposing party; and whether the defaulting party possesses a meritorious defense. *See id.* at 951-52. No one factor alone compels an answer though, as the search for good cause requires consideration of all circumstances that might warrant the setting aside of the default. *See id.; see also Dierschke v. O'Cheskey*, 975 F.2d 181, 184-85 (5th Cir. 1992).

The circumstances in this case do not so warrant. Blue Ribbon offers three blanket assertions, and nothing more, as its grounds for good cause to set aside the entry of default. Its primary assertion – that its "files containing the complaint" were inadvertently misplaced – amounts to little more than poor business communications management on the part of Blue Ribbon. It is not good cause and is insufficient to avoid entry of default.

In reaching this conclusion, the court finds persuasive the line of cases addressing similar assertions made by parties seeking to set aside actual default judgments. *See, e.g., Gibbs v. Air Canada*, 810 F.2d 1529, 1537-38 (11th Cir. 1987); *Davis v. Safeway Stores, Inc.*,

3

532 F.2d 489, 490 (5th Cir. 1976); *see also Heaton v. Bonacker & Leigh*, 173 F.R.D. 533, 535 (M.D. Ala. 1997) (applying *Air Canada* and *Davis* to a motion to set aside an entry of default). These cases demonstrate that a court will not lightly set aside a default judgment if the defaulting party's failure to establish minimum procedural safeguards for determining that action in response to a summons and complaint is being taken is the reason for the default. *See Air Canada*, 810 F.2d at 1537. It is true that the standard in these cases is the more rigorous excusable neglect standard of Rule 60(b), as opposed to the good cause standard of Rule 55(c). *See E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990). Nonetheless, it would be nonsensical for the court, in considering a Rule 55(c) motion, to require less vigilance of a defaulting party to its legal obligations than it would of a defaulting party bringing a Rule 60(b) motion.

      Blue Ribbon's secondary assertions are likewise insufficient. First, it claims that its default was not willful. Few defaults are in fact willful. *See Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 952 (11th Cir. 1996); *Robinson v. U.S.*, 734 F.2d 735, 739 (11th Cir. 1984). Moreover, "when a litigant has been given ample opportunity to comply with court orders but fails to effect any compliance, the result may be deemed willful." *Compania Interamericana*, 88 F.3d at 952. Throughout the pendency of this action, Blue Ribbon has failed to effectively participate. This very motion was in fact submitted after the deadline initially set by the court for the defendant to show good cause; and lacks any legal authority or evidentiary support to bolster the assertions set forth. Blue Ribbon offers nothing specific to demonstrate its good faith; nor does it offer any defense, meritorious or otherwise, to Jacobs' initial complaint. Considering all

4

circumstances, then, the defendant has not shown good cause why the entry of default should be set aside.

## IV.   Conclusion

For the reasons set forth above, the defendant's motion to set aside entry of default is **DENIED**.

Done, this 10th of August, 2001.

_____

EDWIN L. NELSON

UNITED STATES DISTRICT JUDGE